UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 0 5 2015

MALIK BEY—IN PROPIA PERSONA, SUI JURIS (PRO SE),

                Plaintiff,

-against-

JUSTIN CARROLL (INDIVIDUAL CAPACITY) (DBA) RECORD ACCESS OFFICER NYC PARKS DEPARTMENT THE ARSENAL CENTRAL PARK 830 FIFTH AVENUE NEW YORK, NY 10065,

                Defendant.

MEMORANDUM DECISION AND ORDER

15 Civ. 1466 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff, appearing *pro se,* brings this action under New York's Freedom of Information Law ("FOIL") and 42 U.S.C. § 1983, alleging that Defendant has failed to respond to a request for the production of records held by the New York City Department of Parks and Recreation. Plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction.

### STANDARD OF REVIEW

The Court has the authority to dismiss a frivolous complaint *sua sponte,* even when the plaintiff has paid the filing fee. *Fitzgerald v. First East Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest,*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff alleges that, on October 20, 2014, he made a FOIL request to the New York City Department of Parks and Recreation for the production of all "work orders regarding the signs that [were] displayed around Jackie Robinson Park in New York, NY . . . for the years 2003-2005." On about October 28, 2014, Defendant acknowledged receipt of Plaintiff's request; however, Defendant has not produced the requested information to date. Plaintiff alleges that he has exhausted all applicable administrative remedies, and he brings this claim seeking monetary damages and to compel the production of any records responsive to his request.

## DISCUSSION

### A. Subject Matter Jurisdiction

This action must be dismissed because the Court lacks subject matter jurisdiction over Plaintiff's claims. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative…").

Case 1:15-cv-01466-GBD-RLE   Document 5   Filed 03/05/15   Page 3 of 4

### 1. *Federal Question*

Although Plaintiff alleges that his claims arise under the Court's federal question jurisdiction, his allegations do not suggest a basis for jurisdiction under § 1331. To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).

Plaintiff's allegation that Defendant denied a request for documents made pursuant to FOIL, a New York State law, does not implicate any federal law.[1] The federal criminal statutes found in Title 18 of the United States Code are inapplicable to this action because a private citizen cannot prosecute a criminal action in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (per curiam) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (noting that a plaintiff "[cannot use a federal criminal statute] as a predicate for a section 1983 action."). These statutes therefore do not provide federal question jurisdiction over Plaintiff's claims. Furthermore, because New York State has created an adequate post-deprivation remedy to redress any improper denial of a FOIL request, Plaintiff cannot bring a claim under 42 U.S.C. § 1983 to challenge such a denial. *See, e.g., Davis v. Guarino*, 52 F. App'x 568, 569 (2d Cir. 2002) ("We have held on numerous occasions that an Article 78 proceeding is a perfectly adequate post-deprivation remedy."). Plaintiff's contention that the denial of his request violated his constitutional rights is therefore insufficient to establish federal question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996) (holding that mere invocation of federal law does not create federal question

---

[1] To the extent that Plaintiff brings claims under the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, his claims must be dismissed because FOIA applies only to federal agencies. *See* 5 U.S.C. § 551(1); *Esseily v. Giuliani*, 22 F. App'x 77, 78 (2d Cir. 2001).

jurisdiction if underlying claim is clearly devoid of merit). The Court offers no opinion as to whether Plaintiff may have a valid claim under state law.

### 2. *Diversity of Citizenship*

Federal jurisdiction is also not available under 28 U.S.C. § 1332 because complete diversity of citizenship between Plaintiff and Defendant is lacking. "It is well established that for a case to come within [§ 1332] there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990). Plaintiff indicates in the complaint that both he and Defendant reside in New York, precluding complete diversity of citizenship.

Because Plaintiff's complaint fails to state a claim over which this Court has subject matter jurisdiction, this action is dismissed.

## CONCLUSION

The Clerk of Court is directed to mail a copy to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 5, 2015
New York, New York

_____
GEORGE B. DANIELS
United States District Judge